IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DERRICK T. ALBERT,** | : |
| | :   Civil Action No. 1:06-CV-1451 |
| **Plaintiff** | : |
| | :   (Judge Kane) |
| v. | : |
| | : |
| **COMMONWEALTH OF** | : |
| **PENNSYLVANIA, et al.** | : |
| | : |
| **Defendants.** | : |

## MEMORANDUM AND ORDER

Plaintiff, Derrick Albert, an inmate at the State Correctional Institution in Camp Hill, Pennsylvania, commenced this action with a pro se civil rights complaint pursuant to 42 U.S.C. §1983.  Named as defendants in the action are the Commonwealth of Pennsylvania,[1] the Lebanon County Public Defender's Office ("Public Defender"), the Lebanon County District Attorney's Office ("District Attorney"), and the Lebanon County Court of Common Pleas ("trial court").  Presently pending before the court are two motions to dismiss filed on behalf of the defendants.  (Docs. 14 & 18.)  For the reasons that follow, the motions will be granted and the complaint will be dismissed.

**I.    Background**

---

[1] In his complaint, Plaintiff does not mention the Commonwealth of Pennsylvania in any of his averments; thus, the Commonwealth is not a properly named party.  However, had Plaintiff asserted any claims against the Commonwealth, those claims would have been subject to dismissal because the Commonwealth is not a person subject to suit under § 1983.  The United States Supreme Court has ruled that a § 1983 action brought against a "State ... is barred by the Eleventh Amendment" unless the State has consented to the filing of such a suit.  Alabama v. Pugh, 438 U.S. 781, 782 (1978).  There is no indication in this case of such consent; thus, any claims against the Commonwealth are dismissed.

Plaintiff's civil rights action against the various defendants arises out of his March 1, 2006 conviction[2] in the Court of Common Pleas of Lebanon County under 18 Pa. C.S. § 4116, for possession, with intent to sell, of 1,553 counterfeit and pirated music compact discs without the true name of the manufacturer's name on the package or label.  Plaintiff had been arrested by the Pennsylvania State Police for possession of these items on September 13, 2004.  (Doc. 20 at 17.)  In the present complaint, Plaintiff has essentially alleged that his trial in Lebanon County was in violation of the Double Jeopardy Clause of the United States Constitution because he had been subject to similar charges in a prior criminal proceeding in the Commonwealth of Massachusetts.  Plaintiff had been arrested in Massachusetts on February 21, 2003, and charged with possession with intent to sell or distribute 606 counterfeit compact discs.  (Doc. 4 at 2.)

Specifically, as to Defendants, Plaintiff first alleges that Brian L. Deiderick of the Public Defender's Office allowed an illegal trial to proceed even though Plaintiff had been charged with similar crimes in Massachusetts.  Second, Plaintiff avers that Assistant District Attorney David Dresher prosecuted the case despite it allegedly being barred by double jeopardy.  And, third, Plaintiff asserts that the trial judge, the Honorable Robert J. Eby, would not allow him to terminate Attorney Deiderick in order to hire a private attorney.  Plaintiff requests this court dismiss the charges against him or allow a trial in federal court; award him monetary damages; and, order an investigation into his case.  (Doc. 1 at 3.)

On August 29, 2006, the Public Defender's Office and the District Attorney's Office

---

[2] Plaintiff indicates that a trial was held on January 4, 2006, and he was found guilty of the charges and sentenced on March 1, 2006.  (Doc. 20 at 7.)

jointly filed a motion to dismiss (Doc. 14), accompanied by a brief in support. (Doc. 15.) On September 18, 2006, the trial court filed a motion to dismiss (Doc. 18), with a brief in support. (Doc. 19.) These motions have been fully briefed by the parties and are ripe for disposition.

## II.     Discussion

A court, in rendering a decision on a motion to dismiss, must accept the veracity of the plaintiff's allegations. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); White v. Napolean, 897 F.2d 103, 106 (3d Cir. 1990). In Nami v. Fauver, 82 F.3d 63 (3d Cir. 1996), the Third Circuit Court of Appeals added that when considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." Id. at 65. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

"The test in reviewing a motion to dismiss for failure to state a claim is whether, under any reasonable reading of the pleadings, plaintiff may be entitled to relief." Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993). Additionally, a court must "accept as true the facts alleged in the complaint and all reasonable inferences that can be drawn from them." Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990). Finally, it is equally well-settled that pro se complaints should be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972).

In light of the standards set forth above and Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court will now discuss Defendants' motions to dismiss in response to Plaintiff's

complaint.

Each of Plaintiff's claims stems from his assertion that his conviction is invalid because he was denied a fair trial in Lebanon County on the basis of double jeopardy because of a prior criminal proceeding in Massachusetts which involved similar charges.  In response, Defendants first argue that under the law enunciated by the United States Supreme Court in Heck v. Humphrey, 512 U.S. 477 (1994), Plaintiff has failed to state a cognizable claim.  In particular, Defendants argue that because Plaintiff was found guilty on one count of possession with intent to sell counterfeit and pirated music compact discs on March 1, 2006, and because that conviction has not been overturned, expunged or otherwise resolved in Plaintiff's favor, Plaintiff fails to set forth a cognizable § 1983 claim under Heck.

In Heck, the United States Supreme Court held that:

in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

Heck, 512 U.S. at 486-87 (footnotes omitted).  In other words, an action for damages that implicates the validity of an inmate's continued confinement is barred until that confinement has been declared invalid by a state tribunal or federal habeas corpus court.

In his opposition to the motions to dismiss, Plaintiff provides a lengthy explanation of facts relating to his arrest and prosecution in both Massachusetts and Lebanon County.[3]

---

[3] While not necessarily relevant to the legal issues involved in Defendants' motion to dismiss, the court finds Plaintiff's arguments with respect to his alleged double jeopardy claim

However, these facts and arguments are irrelevant in light of the fact that there has been no finding by any court that Plaintiff's conviction in the Lebanon County Court of Common Pleas is invalid. Without that finding, this court concludes that Heck v. Humphrey precludes Plaintiff's claims arising out of his conviction in Lebanon County for possession with the intent to sell counterfeit and pirated music compact discs.

The court now turns to Defendants' other issues set forth in their motions to dismiss.[4] Specifically, Plaintiff's claims involving his alleged illegal trial, as set forth above, are against members of the Public Defender's Office, the District Attorney's Office, and the Lebanon County trial court. The court will discuss the claims with respect to each office in turn.

Plaintiff claims, first, that the Public Defender's Office, namely Attorney Deiderick, allowed a trial to proceed despite having evidence that would lead him to believe the trial was in violation of the Double Jeopardy Clause. For the following reasons, Plaintiff's claim fails.

---

unavailing. Specifically, as demonstrated in Plaintiff's exhibits attached to his complaint (Doc. 4), the charges brought against Plaintiff in Massachusetts involved 606 compact discs, while the Pennsylvania charges involved 1,553 compact discs. (Doc. 4 at 2-3.) Even though the record indicates that 501 compact discs were returned to Plaintiff as a result of disposition of the Massachusetts case (see Doc. 4 at 1), that fact does not explain possession of an additional 1,052 compact discs at issue in the Lebanon County case. Based on these facts set forth in court documents, this court fails to see how Plaintiff was subjected to a trial in violation of the Double Jeopardy Clause.

[4] Even though it is permissible at this point to grant Defendants' motions and dismiss Plaintiff's § 1983 claim under Heck, to do so at this point would require a dismissal without prejudice so that Plaintiff may pursue his claim if he does succeed in overturning his conviction in other proceedings. See Fottler v. United States, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (holding that when a § 1983 claim is dismissed under Heck, the dismissal should be without prejudice); Shelton v. Macey, 883 F. Supp. 1047, 1049-50 (E.D. Pa. 1995). However, in light of the court's decision to dismiss Plaintiff's § 1983 claims on the grounds discussed infra, the court concludes that Plaintiff would be unable to return to this court with the same § 1983 claims against the defendants named herein if his conviction or sentence is ever altered in his favor.

Section 1983 provides that persons acting under color of state law may be found liable if they deprive an individual of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *See* 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

To the extent that Plaintiff attempts to hold Attorney Deiderick liable under § 1983, it is well established that defense attorneys, no matter whether they are privately retained, court-appointed, or employed as public defenders, do "not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). Accordingly, since the allegations against Attorney Deiderick are all premised on actions he took while serving as Plaintiff's defense counsel, the § 1983 claim against the Public Defender's Office will be dismissed.

Second, Plaintiff claims that the District Attorney's Office, namely Attorney Dresher, prosecuted a case that should have been barred under the principle of double jeopardy. For the reasons that follow, this claim also fails.

The doctrine of absolute immunity shields prosecutors from liability related to their official acts. Imbler v. Pachtman, 424 U.S. 409, 417-19 (1976). A prosecutor is absolutely immune from liability under § 1983 for acts "within the scope of his duties in initiating and pursuing a criminal prosecution." Id. at 410. There is nothing in the instant complaint to suggest

that Attorney Dresher was acting outside of the scope of his duty as prosecutor in proceeding with the case against Plaintiff in Lebanon County.  As such, the § 1983 claim against the District Attorney's Office is also subject to dismissal.

Third, Plaintiff names the Lebanon County Court of Common Pleas as a defendant in his complaint under § 1983.  Specifically, Plaintiff claims that the Honorable Robert J. Eby would not allow Plaintiff to terminate Attorney Deiderick and hire a private attorney to represent him in the case against him.  This claims also fails.

The United States Supreme Court has ruled that a § 1983 action against a "State and its Board of Corrections [state agency] is barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit."  Alabama v. Pugh, 438 U.S. 781, 782 (1978).  In Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989), the Supreme Court reiterated its position that state agencies are not "persons" subject to liability in § 1983 actions brought in federal court.  The Court noted that a § 1983 suit against a state official's office was "no different from a suit against the State itself."  Id. at 71.  "Will establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal or state court."  Howlett v. Rose, 496 U.S. 356, 365 (1990).  Moreover, recognizing that state courts are state rather than local agencies, the Third Circuit Court of Appeals has concluded that state courts, such as the trial court in the present case, could not be sued because "they are not persons within section 1983."  Callahan v. Philadelphia, 207 F.3d 668, 673 (3d Cir. 2000).  Therefore, the claim against the Lebanon County Court of Common

Pleas will be dismissed.[5]

### III.  Conclusion

For the reasons set forth above, this action will be dismissed under Federal Rule of Civil Procedure 12(b)(6) for Plaintiff's failure to state a claim.  An appropriate order will follow.

### IV.  Order

**AND NOW**, this 1st day of February, 2007, upon consideration of Defendants' motions to dismiss (Docs. 14 & 18), **IT IS HEREBY ORDERED THAT**:

1. Defendants' motions to dismiss (Docs. 14 & 18) are **GRANTED**.

2. The complaint (Doc. 1) is **DISMISSED** for failure to state a claim.

3. The Clerk of Court is directed to **CLOSE** this case.

4. Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.

                                                s/ Yvette Kane
                                                YVETTE KANE, Chief Judge
                                                United States District Court

---

[5] To the extent that Plaintiff names Judge Eby in the body of his complaint, those claims, brought under § 1983, are barred by the doctrine of judicial immunity.  "The Supreme Court has long recognized that judges are immune from suit under section 1983 for monetary damages arising from their judicial acts."  Gallas v. Supreme Court of Pa., 211 F.3d 760, 768 (3d Cir. 2000).  A "judicial act" is defined as an action normally performed by a judge and where the parties deal with the judge in his judicial capacity.  Stump v. Sparkman, 435 U.S. 349, 362 (1978).